IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSE DIVISION

ADVOCACY CENTER FOR PERSONS
WITH DISABILITIES, INC.,

     Plaintiff,

vs.

CASE NO. 4:03cv181-RH/wc

CHAUTAUQUA OFFICES OF
PSYCHOTHERAPY AND EVALUATION, INC.

COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF

     Defendant.

_____/

## PRELIMINARY STATEMENT

1.     This is an action for a declaration of rights, injunctive relief and costs.

2.     Plaintiff, ADVOCACY CENTER FOR PERSONS WITH DISABILITIES, INC. ("Advocacy Center") is the designated Protection and Advocacy system for the State of Florida and, *inter alia,* has standing to "investigate incidents of abuse and neglect of individuals with mental illness". 42 U.S.C. § 10801(b)(2)(A).

3.     Defendant, CHAUTAUQUA OFFICES OF PSYCHOTHERAPY AND EVALUATION, INC.'s ('COPE") conduct has violated the Plaintiff's rights as secured by 42 U.S.C. § 10801 *et seq.* (the PAIMI ACT).



- 1 -

4.      All conditions precedent to the bringing of this action have occurred or have been performed.

## JURISDICTION

5.      This Court has jurisdiction under 28 U.S.C. § 1331.

6.      This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to declare the rights and other legal relations of the parties to this action.

7.      This action arises under 42 U.S.C. § 10801 *et seq.*

## VENUE

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all events giving rise to this action occurred in this district.

## PARTIES

9.      The Plaintiff is a not-for-profit Florida Corporation designated by the Governor as Florida's Protection and Advocacy system.

10.     The Plaintiff has authority to "investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred". 42 U.S.C. § 10805(a)(1)(A)

11.     The Defendant is a not-for-profit Florida corporation operating as a community mental health center with its principal office in DeFuniak Springs, Florida.

## FACTUAL ALLEGATIONS

12.     On or about July 3, 2002, the Advocacy Center received information regarding the suicide of one Ruby Driver.

13.     Upon knowledge and belief, Ms. Driver was an individual with mental illness who had received services from the Defendant the evening prior to her death.

14.     Based upon this information, the Advocacy Center determined there was probable cause to believe that Ms. Driver was the subject of an incident of abuse and neglect while being treated for her mental illness at Defendant's community mental health facility.

15.     By letter dated July 16, 2002, the Advocacy Center requested that the Defendant provide copies of all records regarding Ms. Driver's care and treatment, including psychiatric notes, for the year 2002, and a copy of any policy or procedure of the Defendant describing its operation of emergency services. (A copy of the letter is attached as Plaintiff's Exhibit A)

16.     By letter dated August 23, 2002, the Defendant refused to provide the requested records. (A copy of the letter is attached as Plaintiff's Exhibit B)

17.     Despite a number of requests for the production of records relating to Ms. Driver, the Defendant has failed to either provide copies or access to the records requested.

18.     The Defendant's failure to produce or provide access to Ms. Driver's records constitutes a violation of the Plaintiff's rights under 42 U.S.C. § 10805(a)(1)(A) and 42 C.F.R § 51.41 by:

        a.      Failing to provide timely access to the records of an individual with mental illness when the Plaintiff has concluded that probable cause exists to believe that abuse or neglect has occurred;

3

b.     Preventing the Plaintiff from investigating the death of an individual with mental illness when it has probable cause to believe that abuse or neglect has occurred.

19.    The Plaintiff has no adequate remedy at law and continues to suffer irreparable harm as a result of the defendant's actions.

WHEREFORE, the Plaintiff prays that the Court enter an Order that:

a.     Declares the Defendant's refusal to provide copies or access to Ms. Driver's mental health records violates 42 U.S.C. § 10801 *et seq.*

b.     Enjoin the Defendant from refusing to comply with the Plaintiff's request for Ms. Driver's mental health records.

c.     Award costs to the Plaintiff.

d.     Grant such other relief as the Court may deem just and proper.

Dated this _11th_ of June 2003.

ATTORNEYS FOR PLAINTIFF

GORDON B. SCOTT
Fla. Bar No. 112860
Trial Counsel

4

5

HUBERT A. GRISSOM
Fla. Bar No. 0166758
Trial Counsel

ADVOCACY CENTER FOR PERSONS
WITH DISABILITIES, INC.
2671 Executive Center Circle, West
Suite 100
Tallahassee, Florida 32301
(850) 488-9071
(850) 488-8640  fax



# Advocacy Center for Persons With Disabilities, Inc.

*Florida's Protection and Advocacy Programs*

July 16, 2002

Rachel Gillis
Executive Director
COPE Center
P O Box 607
DeFuniak Springs, FL 32433

RE:  Ruby Driver, Date of Birth: 09/08/47

Dear Ms. Gillis:

We have recently learned of the death of Ruby Driver, a woman who received services from the COPE Center shortly before her apparent suicide.  As the designated protection and advocacy agency for Florida, we are requesting copies of all clinical records of Ms. Driver's as well as some COPE Center operating procedures.

The Advocacy Center for Persons with Disabilities, Inc. ("Advocacy Center"), is a private, non-profit corporation designated by the Executive Office of the Governor as the recipient of federal funds to provide protection of and advocacy for the rights of Floridians with disabilities. Our program component at the Advocacy Center, Protection and Advocacy for Individuals with Mental Illness (PAIMI), was established pursuant to the Protection and Advocacy For Mentally Ill Individuals Act, Title 42 U.S.C. § 10801, et Seq. ("PAIMI Act").  The stated purpose of PAIMI is:

> To assist States to establish and operate a protection and advocacy system for individuals with mental illness which will -
>
> (A)     protect and advocate the rights of such individuals
> through activities to ensure the enforcement of the
> Constitution and Federal and State Statutes; and
>
> (B)     investigate incidents of abuse and neglect of
> individuals with mental illness if the incidents are
> reported to the system or if there is probable cause
> to believe that the incidents occurred (42 U.S.C. § 10801(b)).

To effect this goal, the statute allows advocacy groups the right to pursue legal and administrative remedies on behalf of persons with mental illnesses, to obtain access to records under certain conditions, and to obtain access to facilities at which persons with mental illness are housed.  See 42 U.S.C. § 10805(1)(A) regarding the Advocacy Center's authority to investigate

☑ 2671 Executive Center Circle West,
Suite 100
Tallahassee, FL 32301-5092
tel. 850.488.9071
fax 850.488.8640
toll free 800.342.0823
toll free TDD only 800.346.4127

☐ 2901 Stirling Road
Suite 206
Ft. Lauderdale, FL 33312
tel. 954.967.1493
fax 954.967.1496
toll free 800.350.4566
toll free TDD only 866.478.0640

☐ The Times Building
Suite 513  1000 N. Ashley Drive
Tampa, FL 33602
tel. 813.233.2920
fax 813.233.2917
toll free 866.875.1794
toll free TDD only 866.875.1837

www.advocacycenter.org

PLAINTIFF'S EXHIBIT A

Rachel Gillis, Executive Director
July 16, 2002
Page 2

incidents of abuse and neglect, based on probable cause.  See 42 U.S.C. § 10805(4)(B) regarding access to all records of any individual (including an individual who has died or whose whereabouts are unknown).  In 2000, The PAIMI Act was expanded to include services to persons with mental illnesses who live in community settings, including their own homes.  See 42 U.S.C. 10802(4)(B)(ii).

Pursuant to the authority of the PAIMI Unit of the Advocacy Center as described above, we are requesting a copy of all of the records on Ms. Driver for the year 2002.  Included in these records should also be all psychiatric notes and all contacts with the Emergency Services Program.

The Advocacy Center also requests a copy of any policies and procedures that describe the operations of emergency services.

Thank you for your assistance in this matter.  If you have any questions, please feel free to contact me at (850) 488-9071, ext. 236.  We would like to receive this material within two weeks of your receipt of this letter.  If there is a problem with this, please let us know as soon as possible.

Sincerely,

Linda Rollins

Linda Rollins
PAIMI Advocate

lr

# GALLOWAY, JOHNSON, TOMPKINS, B ꓤR & SMITH

A PROFESSIONAL LAW CORPORATION
1101 GULF BREEZE PARKWAY
SUITE 2
GULF BREEZE, FLORIDA 32561
TELEPHONE (850) 934-3800
TELECOPY (850)934-3848

www.gjtbs.com

Please reply to the Florida Office

**W. DAVID JESTER**
Director

djester@gjtbs.com

Licensed in Florida
and Alabama

**REGIONAL OFFICES**

ONE SHELL SQUARE
701 POYDRAS STREET, SUITE 4040
NEW ORLEANS, LOUISIANA 70139-4003
(504) 525-6802

3555 TIMMONS LANE, SUITE 1225
HOUSTON, TEXAS 77027
(713) 599-0700

600 JEFFERSON STREET
SUITE 404, BOX 61
LAFAYETTE, LOUISIANA 70501
(337) 266-2388

August 23, 2002

Lisa Rollins, PAIMI Advocate
Advocacy Center for Persons with Disabilities, Inc.
2671 Executive Center Circle West, Suite 100
Tallahassee, FL 32301-5092

RE:     Ruby Driver
        Date of Birth: 09-08-47
        Our File No.:  FL0915-192

Dear Ms. Wralins:

This firm represents the interest of Chautauqua Offices of Psychotherapy & Evaluation ("COPE Center"), Post Office Box 607, DeFuniak Springs, Florida 32433. We have been provided a copy of your letter dated July 16, 2002, requesting release of medical records relating to the treatment of Ms. Driver for the year of 2002 and seeking a copy of any policies and procedures that describe the operation of emergency services. I have researched the U.S. Code cited by you in support of your proposition that you are entitled to receive those records and disagree with your contention that the materials should be surrendered to your office. At the time of her death, Ms. Driver was not a resident of a mental health facility nor was she in the process of being placed in a facility such that 42 U.S.C. Section 10801 et seq. would apply. As I am unfamiliar with your agency, I ask that you provide me with further statutory support for your request.

Please feel free to contact me directly upon receipt of this correspondence should you wish to discuss this matter.

With best regards, I am,

Cordially,

W. David Jester

WDJ/tmt

**PLAINTIFF'S EXHIBIT B**